[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15803
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00084-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN MOTTOLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Darren Mottola appeals his 168-month sentence imposed for receiving child

pornography, in violation of 18 U.S.C. § 2252(a)(2).  Mottola pled guilty pursuant to a written plea agreement that waived his right to appeal his sentence with three exceptions.  Under the plea agreement, Mottola could appeal his sentence if the sentence:  (1) exceeded his applicable guideline range as determined by the sentencing court; (2) exceeded the statutory maximum penalty; or (3) violated the Eighth Amendment.  On appeal, Mottola argues that his sentence is procedurally unreasonable and that it violates the Eighth Amendment as cruel and unusual punishment.

I.

First, Mottola argues that his sentence is procedurally unreasonable because the district court failed to (1) adequately articulate its reasons for rejecting his request for a downward variance and (2) adequately consider the sentencing factors in 18 U.S.C. § 3553(a).

We review a sentence appeal waiver provision *de novo*.  *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).  To enforce an appeal waiver, the government must demonstrate either that "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver."  *Id*. at 1446.

Here, the sentence appeal waiver is valid and effective because the district court specifically questioned Mottola about his appeal waiver at the change-of-plea hearing and Mottola stated that he understood the provision. *See Benitez-Zapata*, 131 F.3d at 1446. The appeal waiver bars Mottola from challenging the reasonableness of his sentence because such a challenge does not fit within any of the provided exceptions. Therefore, we dismiss this portion of Mottola's appeal.

## II.

Next, Mottola generally argues that the federal Sentencing Guidelines for child pornography offenses violate the Eighth Amendment because the sentences constitute excessive punishment and are not proportional to the offense.

We review *de novo* whether a provision of the Sentencing Guidelines is constitutional. *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003). However, when a defendant, as here, fails to object to an error before the district court, we review the argument for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotation omitted).

The Eighth Amendment provides that "[e]xcessive bail shall not be required,

3

nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. The amendment "contains a narrow proportionality principle that applies to noncapital sentences," but, "[o]utside the context of capital punishment, there are few successful challenges to the proportionality of sentences" because we accord "substantial deference to Congress." *United States v. Johnson*, 451 F.3d 1239, 1242-43 (11th Cir. 2006) (quotation and citation omitted). When challenging a sentence on Eighth Amendment grounds, the burden is on the defendant to make a threshold showing that his sentence "is grossly disproportionate to the offense committed." *Id.* at 1243. In general, we have held that "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* (quotation omitted).

As an initial matter, Mottola's sentence appeal waiver does not bar his argument that his sentence violates the Eighth Amendment because this argument falls within one of the waiver exceptions. Nevertheless, we hold that Mottola's sentence does not violate the Eighth Amendment. A sentence imposed within the statutory limits is generally neither cruel nor unusual punishment. *See Johnson*, 451 F.3d at 1243. Specifically, the statutory maximum punishment for receiving child pornography is 240 months. *See* 18 U.S.C. § 2252(b)(1). Mottola's guideline imprisonment range adopted by the district court, based on his total

4

offense level and criminal history category, was 168-210 months. Mottola's sentence of 168 months is at the very bottom of the guideline range, well below the statutory maximum sentence of 240 months that he faced. *See* 18 U.S.C. § 2252(b)(1); U.S.S.G § 5G1.1(c)(1). Because the district court sentenced Mottola within the statutory limits, Mottola failed to meet his burden of showing that his sentence was grossly disproportionate to his offense.

**DISMISSED IN PART, AFFIRMED IN PART.**[1]

---

[1]Appellant's request for oral argument is DENIED.