[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

No. 10-12128
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00331-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN HARDER,
a.k.a. Warren J. Harder,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 18, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Warren Harder appeals his 240-month sentence for attempting to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Harder argues on appeal that his sentence was procedurally unreasonable because the district court focused on the need to punish him and protect the public to the exclusion of the other 18 U.S.C. § 3553(a) factors. He also contends that his sentence was substantively unreasonable because the sentence imposed was longer than necessary and would result in a life sentence because of his advanced age and poor health. Harder also argues that the 15-year statutory minimum sentence is cruel and unusual punishment.

I.

An appellate court reviews a final sentence for reasonableness, applying the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Whether a sentence is reasonable is guided by the factors set forth by Congress in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008). Although we do not presume reasonable a sentence that is within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have held that the use of the Guidelines remains central to the sentencing process, *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005). Accordingly, "when the district court imposes a sentence within the

2

advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.*

In reviewing a sentencing decision, we must ensure both procedural and substantive reasonableness. *Gall,* 552 U.S. at 51, 128 S.Ct at 597. Factors that we must consider in determining procedural reasonableness are whether the district court properly calculated the Guidelines range, improperly treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain its chosen sentence. *Id.*

After determining the sentence is procedurally reasonable, we must consider whether the sentence imposed is substantively reasonable in light of the § 3553(a) factors. *Id.* These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a). A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the purposes of § 3553(a). *Pugh*, 515 F.3d at 1191. We "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors" unless it concludes that the district court "made a clear error of judgment" and "imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotations omitted).

Based on the record, Harder has failed to carry his burden of demonstrating that his sentence was procedurally or substantively unreasonable because the district court followed the proper procedures in determining his sentence and applied the § 3553(a) factors to determine a sentence not greater than necessary to achieve the goals of sentencing. The record does not support Harder's contention that the court inappropriately focused on the single § 3553(a) factor of punishment at the expense of the factors that he presented in mitigation. In explaining the basis for its sentencing determination, the district court emphasized Harder's past predatory behavior and offense, which accounted for his history and personal characteristics, as well as the need to protect the public, in this case vulnerable young girls, from further crimes committed by him. The court also stated that instead of imposing a high-end guidelines sentence, as it was inclined to do, the

court imposed a lower sentence after considering the letters of support, Harder's age, and the sincerity of his apology, which also accounted for his history and personal characteristics. The court also acknowledged the need to impose just punishment. Though the district court explicitly noted these reasons for imposing the sentence, it was not required to specifically discuss each § 3553(a) factor, provided that the record is clear that the court considered all of the factors. *See Talley*, 431 F.3d at 786. Because the district court did not abuse its discretion by sentencing Harder to a total of 240 months' imprisonment, we affirm his sentence.

## II.

We review the legality of a sentence under the Eighth Amendment *de novo. United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005). However, if an Eighth Amendment challenge to the sentence is not raised in the district court, we will review for plain error only. *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. We accord substantial deference to Congress, because "it possesses broad authority to determine the types and limits of punishments for crimes." *Johnson*, 451 F.3d at 1242-43.

In evaluating an Eighth Amendment challenge in a non-capital case, we must first make the threshold determination that "the sentence imposed is grossly disproportionate to the offense committed." *Id.* at 1243-44 (holding that, as the defendant was sentenced within the statutory limits, he had not made a threshold showing of a disproportionality). Thus, in general, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* at 1243.

Harder cannot argue that the 15-year statutory minimum is cruel and unusual punishment because the statutory minimum sentence was not applied to him. Rather, Harder was sentenced to a 240-month guidelines sentence, which he does not challenge as cruel and unusual punishment. Furthermore, even if Harder's 240-month sentence was unreasonable, and he were resentenced, he has failed to demonstrate that the 15-year minimum sentence, within the statutory limits, would be disproportionate. *See Johnson*, 451 F.3d 1243-44.

**AFFIRMED.**