[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14889
Non-Argument Calendar

_____

D. C. Docket No. 05-00012-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2006)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Michael Johnson appeals his 140-year sentence for producing and

distributing child pornography in violation of 18 U.S.C. § 2251(a) and

§ 2252A(a)(1), respectively. He contends that we should vacate his sentence and remand to the district court for re-sentencing because the sentence: (1) is excessive and constitutes cruel and unusual punishment under the Eighth Amendment; and (2) is unreasonable in light of the factors listed in 18 U.S.C § 3553(a). We affirm.

## I.

On January 12, 2005, Johnson was indicted for two counts of production of child pornography in violation of § 2251(a) (Counts 1 and 2), one count of possession of child pornography in violation of § 2252A(a)(5)(B) (Count 3), and one count of distribution of child pornography in violation of § 2252A(a)(1) (Count 4). On April 8, 2005, Johnson pleaded guilty to Counts 1, 2, and 4, and the district court dismissed Count 3 upon motion of the government.

During the plea hearing, the government presented facts that it represented it could prove at trial and Johnson agreed to nearly all of those facts. The government stated that between January 2002 and January 2005, Johnson took sexually explicit photographs of two minor males, identified as Victim 1 and Victim 2. The government stated that Johnson produced computer images from the photographs and sent them to a recipient via America Online.

The pre-sentence investigation report (PSI), prepared by a parole officer, elaborated on Johnson's offenses. According to the PSI, investigators determined

2

that Johnson had produced at least 150 pornographic images and transmitted an unknown number of the images through the Internet. Investigators determined that Johnson had photographed Victim 1 from about the age of 8 until the age of 15, and Victim 2 between the ages of 14 and 16. Johnson had also photographed a third boy, Victim 3, between the ages of 13 and 14. Additionally, investigators concluded that Johnson had either possessed or transmitted at least twenty-four videos of children engaging in sexually explicit conduct.

In an interview with investigators, Victim 1 stated that he met Johnson when he was about 7 years old and that the two began engaging in sexual activity when the victim was 8. The sexual activity continued for about six years and the incidents were "too many to count." Victim 1 reported that when he was about 9 years old, Johnson introduced him to two other adult men for sexual purposes. Victim 1 said he was given drugs by one or more of the men to induce him into having sex. Investigators determined that Johnson had taken an explicit photograph of Victim 1 with the men.

Because Johnson's offenses involved separate harms to three victims, the PSI treated the offenses as separate count groups. The PSI recommended that Johnson's base offense level of 32 be increased to 46 because of the special characteristics of his conduct toward the three victims. The PSI advised that

Johnson's offense level be decreased 3 levels to 43 for acceptance of responsibility and assisting authorities in the investigation pursuant to United States Sentencing Guidelines § 3E1.1(a) (Nov. 2004).

The PSI also noted that Johnson had prior convictions in state court for two counts of engaging in a lewd act in the presence of a child. Notwithstanding that, the PSI showed that Johnson had no criminal history points, which established a criminal history category of I. The PSI recommended that Johnson's criminal history category be increased to V pursuant to U.S.S.G. § 4B1.5(a)(2) because he was a repeat and dangerous sex offender against minors. With a total offense level of 43 and a criminal history category of V, the PSI stated that the appropriate guidelines range was life in prison. Pursuant to U.S.S.G. § 5G1.2(d), the PSI recommended that Johnson receive the statutorily authorized maximum sentence for each count and that the sentences run consecutively. That would amount to 50 years as to Count 1, 50 years as to Count 2, and 40 years as to Count 4, for a total of 140 years.

At the August 25, 2005 sentencing proceeding, the district court decided that the PSI had correctly calculated Johnson's offense level and criminal history category and that his guidelines range was life in prison. Alternatively, the court noted that the PSI might have erred in considering as part of Johnson's relevant

4

conduct his actions toward Victim 3, who was not mentioned in the indictment. The court noted that if the PSI had erred, Johnson's guidelines range would be 360 months to life. If that were the case, however, the court stated that an upward departure would be warranted pursuant to U.S.S.G. § 2G2.2 due to the seriousness and duration of the exploitation and Victim 1's age when the exploitation began, among other factors.

The district court stated that Johnson "need[ed] to be incarcerated, if for no other reason, to protect young children." The court stated that it was "mindful and thinking of the victims in this case, and the psychological damage that has been inflicted on them and the turmoil that they will experience as they grow older." The court considered 18 U.S.C. § 3553(a), including "the need to protect the public, to deter violations of the law, to reflect the seriousness of the offense of conviction, and to provide appropriate punishment." It sentenced Johnson to the statutorily authorized maximum sentences of 50, 50, and 40 years for each of the three counts with the terms to run consecutively for a total of 140 years.

## II.

Johnson contends that we should vacate his sentence because it is excessive and constitutes cruel and unusual punishment under the Eighth Amendment. He characterizes his 140-year sentence as "grossly" disproportionate since he had only

5

been convicted of two prior offenses, for which he successfully completed terms of probation. He argues that he is not the type of recidivist contemplated in Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003).

Johnson did not raise this issue in the district court. However, we note that the court did not give him an opportunity to object to his sentence or the manner in which it was imposed, which is required by United States v. Jones, 899 F.2d 1097, 1103 (11th Cir. 1990), overruled on other grounds sub nom. United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc). Despite the court's Jones error, we will not remand on that basis because Johnson has not raised the Jones error on appeal and because the record is sufficient for meaningful appellate review of his Eighth Amendment argument. See United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991). Typically, when a defendant fails to object to an alleged error before the district court, we review the argument only for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). However, because the court did not give Johnson an opportunity to raise his Eighth Amendment objection, we will review de novo the legality of his sentence. See United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

Const. Amend. VIII. The amendment "contains a narrow proportionality principle that applies to noncapital sentences." Ewing, 538 U.S. at 20, 123 S. Ct. at 1185 (internal quotation marks omitted). Outside the context of capital punishment, there are few successful challenges to the proportionality of sentences. Raad, 406 F.3d at 1323. "This is so because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." Id. (internal quotation marks omitted).

Consequently, a court "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." Raad, 406 F.3d at 1324. The defendant has the burden of making that showing. See id. at 1324 n.4. If the sentence is grossly disproportionate, "the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." Id. at 1324. "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." Moriarty, 429 F.3d at 1024 (internal quotation marks omitted).

Because a sentence within the statutory limits generally does not violate the Eighth Amendment, we consider what those limits are for Johnson's convictions. Johnson was convicted of two counts of producing child pornography in violation

of § 2251(a).  Each count carries a statutory maximum punishment of fifty years imprisonment if Johnson has a prior conviction "under the laws of any State relating to the sexual exploitation of children."  See 18 U.S.C. § 2251(e).  Johnson was also convicted of one count of distributing child pornography in violation of § 2252A(a)(1).  That count carries a statutory maximum penalty of forty years imprisonment if Johnson had a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."  18 U.S.C. § 2252A(b)(1).

Johnson was previously convicted in state court of two counts of performing a lewd act in front of a minor and therefore has prior state convictions related to the "sexual exploitation of children," see § 2251(e), and "abusive sexual conduct involving a minor," see § 2252A(b)(1).  That means Johnson is subject to the statutory maximum penalty for each count for which he was convicted:  50 years as to the first count, 50 years as to the second count, and 40 years as to the final count.

Pursuant to U.S.S.G. § 5G1.2(d), "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total

8

punishment." We have held that § 5G1.2(d) requires that sentences run consecutively to the extent necessary to reach the defendant's guidelines range. United States v. Davis, 329 F.3d 1250, 1253–54 (11th Cir. 2003) (per curiam). Johnson does not dispute the life-in-prison guidelines range determined by the district court. Thus, under § 5G1.2(d) and Davis, Johnson's sentences must run consecutively to the extent necessary to reach a sentence of life in prison. Id.; U.S.S.G. § 5G1.2(d). The court sentenced Johnson within the limits imposed by the relevant statutes and guidelines when it sentenced Johnson to a 140-year sentence.

Because the district court sentenced Johnson within the statutory limits, he has not made a threshold showing of disproportionality with respect to his sentence. See Moriarty, 429 F.3d at 1024; see also Raad, 406 F.3d at 1324. We need not consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crimes in other jurisdictions. Johnson's sentence is severe, but not more severe than the life long psychological injury he inflicted upon his three young victims. His sentence is neither excessive nor cruel and unusual. See Moriarty, 429 F.3d at 1024. It does not violate the Eighth Amendment.

**III.**

Alternatively, Johnson contends that we should vacate his sentence because it is greater than necessary to serve the purposes listed in 18 U.S.C. § 3553(a) and is therefore unreasonable. He argues that "a thirty-year sentence would have reflected the seriousness of the offense, promoted respect for the law, provided just punishment, . . . and protected the public."

We review sentences imposed after United States v. Booker for reasonableness in light of the § 3553(a) factors. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765–66 (2005); United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). We must determine whether the sentence imposed by the district court "fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "[W]e recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. In imposing the sentence, a district court need not mention each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

At sentencing, the district court looked to § 3553(a) in determining Johnson's sentence. It considered § 3553(a)(2)(C) when explaining why Johnson needed to be imprisoned to protect young children. 18 U.S.C. § 3553(a)(2)(C)

10

(court shall consider the need for the sentence "to protect the public from further crimes of the defendant").  The court also considered § 3553(a)(2)(A) when it noted the psychological damage Johnson had inflicted on his victims and emotional turmoil they will be faced with in the years to come.  Id. § 3553(a)(2)(A) (court shall consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").  Furthermore, the court sentenced Johnson to a term that was within his guidelines range.  It is a reasonable sentence.

AFFIRMED.