[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12066
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00186-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW NESTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 22, 2008)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Andrew Neston appeals his 240-month sentence imposed for

receipt and distribution of material containing images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1).  On appeal, Neston argues that the Sentencing Guidelines violate the Eighth Amendment because they lack a rational basis and are cruel and unusual.

We review *de novo* whether a provision of the Sentencing Guidelines is constitutional.  *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003).  However, when a defendant fails to object to an alleged error before the district court, we review the argument only for plain error.  *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006). " We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. Amend. VIII.  The amendment "contains a narrow proportionality principle that applies to noncapital sentences." *Johnson*, 451 F.3d at 1242 (quotation omitted).  "Outside the context of capital punishment, there are few successful

challenges to the proportionality of sentences." *Id.* "This is so because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." *Id.* at 1242-43. (quotation omitted).

The burden is on the defendant to make a threshold showing that his sentence is "grossly disproportionate to the offense committed." *Id.* at 1243. (quotation omitted). If the sentence is grossly disproportionate, "the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id.* (quotation omitted). In general, a sentence imposed within the statutory limits is neither cruel nor unusual under the Eighth Amendment. *Id.*

Because Neston failed to meet his burden of making a threshold showing that his sentence was grossly disproportionate to his offense and because his sentence was within the statutory limits, we hold that the district court did not plainly err when it sentenced Neston within the statutory guidelines, which were neither cruel nor unusual under the Eighth Amendment.

**AFFIRMED.**