[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13853
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00021-CR-HLM-2-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN PACHECO PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 22, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Esteban Pacheco Pineda appeals his convictions and sentences for drug and firearm related offenses.  We affirm.

I. Background

In early 2008, a confidential informant ("CI") advised Bartow County Sheriff's Office detective Mark Mayton that Jose Chavez was selling methamphetamine. Mayton had worked with this CI before and knew her to be reliable. Mayton conducted several controlled buys from Chavez before arranging to purchase a large quantity of drugs. On the night of the scheduled buy, the CI informed Mayton that Chavez was driving a silver Dodge pick-up truck and might be carrying weapons. The CI later advised that there were two other cars following the pick-up: a silver Honda Civic and a dark colored Ford Expedition. Police surveillance corroborated the CI's information and observed these three cars leaving Chavez's home in quick succession, with the Ford Expedition appearing to conduct counter-surveillance. Because weapons were involved, Mayton decided not to wait until the buy to intercept the sellers; instead, he instructed officers to stop all three vehicles. Although the CI never mentioned Pineda to Mayton, Pineda was driving the Ford Explorer.

Officer Billy Lancaster of the K-9 unit stopped the Ford Explorer. Pineda gave Lancaster his Mexican driver's license and told Lancaster that he lived in Georgia. Lancaster arrested Pineda for driving without a proper license. Lancaster's subsequent search of the Explorer uncovered a hand gun under the

front seat. Following his arrest, Pineda was interviewed by Agent Tim Everhart of the U.S. Immigration and Customs Enforcement. Pineda, having been advised of his rights, agreed to talk with Everhart. During the interrogation, Pineda admitted the gun taken from the Explorer was his. He denied any participation with drugs.

Pineda was indicted along with Chavez and two others for conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (Count 2); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3); and being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5) (Count 4).

Pineda moved to suppress the evidence seized and any statements made on the grounds that the traffic stop and subsequent search were illegal. He argued that the CI's information was insufficient because the CI had no knowledge of Pineda and his mere presence was not enough to justify the stop and search.[1]

---

[1] Pineda further argued that there was no basis to arrest him for driving without a proper license and that the search was the result of an illegal arrest. The magistrate judge agreed that there was no proof Pineda was driving without a proper license. Nevertheless, the magistrate judge found that the officer had probable cause to arrest Pineda as part of the drug conspiracy based on the CI's information and their own surveillance. The magistrate judge found the officer's subjective reason for the arrest was not relevant. Pineda does not challenge his arrest on these grounds on appeal. Therefore, this argument has been abandoned. *United States v. Smith*, 416 F.3d 1350, 1354 (11th Cir. 2005).

3

The district court accepted the magistrate judge's recommendation and denied the motion to suppress, finding that there was probable cause for the officers to believe that the individuals in the three cars were involved in drug activity.

Chavez pleaded guilty and testified against Pineda at trial. Pineda was convicted of all four counts. The guidelines range was 151 to 188 months' imprisonment, but counts one and two carried ten-year mandatory minimum sentences, and count three carried a consecutive five-year mandatory minimum sentence. Pineda objected to the mandatory minimums as unconstitutional. The court sentenced Pineda to: 151 months' imprisonment on count one, 151 months on count two, and 120 months on count 4, to be served concurrently. The court imposed a consecutive 60-month sentence on count three, for a total of 211 months' imprisonment.

Pineda now appeals, challenging the district court's denial of his motion to suppress and the mandatory minimum sentences to which he was subjected.

II. Standard of Review

We review the denial of a defendant's motion to suppress under a mixed standard of review. The district court's factual findings are reviewed under the clearly erroneous standard and the application of law to those facts is reviewed *de*

*novo*. *United States v. Desir*, 257 F.3d 1233, 1235-1236 (11th Cir. 2001). All "facts are construed in the light most favorable to the prevailing party." *United States v. Goddard*, 312 F.3d 1360, 1362 (11th Cir. 2002). Our review of a motion to suppress examines the entire record, including trial testimony. *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007). We review the constitutionality of statutes *de novo*. *United States v. Reynolds*, 215 F.3d 1210, 1212 (11th Cir. 2000). "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20, 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003) (quotations omitted).

III. Discussion

A. Motion to Suppress

On appeal, Pineda argues that the district court erred in denying his motion to suppress because the vehicle stop by police constituted an arrest rather than a traffic stop, and law enforcement officers lacked probable cause to arrest him. Moreover, Pineda contends that the information from a confidential informant was insufficient to justify the stop.

Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures by the government. *Terry v. Ohio*, 392 U.S. 1, 8, 88 S.Ct.

5

1868, 1873, 20 L.Ed.2d 889 (1968). "This fundamental right is preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer." *California v. Carney*, 471 U.S. 386, 390, 105 S.Ct. 2066, 2068, 85 L.Ed.2d 406 (1985). "However, the search and seizure of vehicles without a warrant is permissible when the police have probable cause to believe a vehicle contains contraband." *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found." *Id.* at 1322 (quotations omitted).

Here, the district court did not err in denying Pineda's motion to suppress because there was a fair probability that law enforcement officers would find evidence of drug trafficking crimes in Pineda's vehicle. Mayton had worked with the CI before and found her to be reliable. The CI informed Mayton on the night of the controlled buy that two other cars were following Chavez's Dodge pick-up, and corroborating police surveillance observed Pineda's Ford Explorer behind the pick-up, appearing to conduct counter-surveillance. Moreover, the CI advised Mayton that weapons might be involved, a likely scenario given the amount of drugs Mayton had arranged to buy. On these facts, we conclude that officers had probable cause to believe they would find weapons or drugs in the cars; thus, the stop was justified.

B. Mandatory Minimum Sentences

Pineda argues his mandatory minimum sentences violated the Eighth Amendment's prohibition against cruel and unusual punishment. He concedes, however, that Supreme Court precedent forecloses his argument before this court and submits that he is preserving this argument for appeal.

Here, Pineda's mandatory minimum sentences did not violate the Eighth Amendment. As Pineda concedes, this court has rejected an Eighth Amendment challenge to mandatory minimum sentences. *See United States v. Johnson*, 451 F.3d 1239, 1243-44 (11th Cir. 2006). Accordingly, Pineda's argument is foreclosed by circuit precedent.

For the foregoing reasons, we affirm Pineda's convictions and sentences.

**AFFIRMED.**