[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14051
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00584-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH BLAGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Kenneth Blage appeals his 720-month sentence, imposed after he pled

guilty to two counts of production of child pornography in violation of 18 U.S.C.

§§ 2251(a) and (e). Blage argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, because it is grossly disproportionate to the offenses he committed.

On this record, we find no reversible error. The district court sentenced Blage to the statutory maximum penalty for the offenses he committed—30 years for each count of production of child pornography.[1] Because the district court sentenced Blage "within the limits imposed by the relevant statutes and guidelines," we cannot say the sentence imposed is disproportionate to the offenses committed, and thus it does not constitute cruel and unusual punishment. United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (holding that a 140-year sentence for producing and distributing child pornography was not cruel and unusual, because the sentence was within the statutory limits, and, thus, was not disproportionate to the offense).

**AFFIRMED.**

---

[1] The district court determined that Blage's advisory guidelines sentence was life imprisonment, subject to the statutory maximum of 720 months.