[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

No. 11-10769
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00179-KD-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC SEBASTION BARROW,
a.k.a. bad_red_dragon_2004,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 23, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Barrow appeals his sentence of fifteen years' imprisonment, imposed

after Barrow pled guilty to production of child pornography, in violation of 18

U.S.C. § 2251(a); possession of child pornography, in violation of 18 U.S.C.

§§ 2252A(a)(5)(B), 2256(8)(A); and two counts of distributing child pornography,

in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1). On appeal, Barrow argues that

his sentence–the mandatory minimum for violations of § 2251(a)–is, as applied to

him,[1] cruel and unusual and thus prohibited under the Eighth Amendment.

We review the legality of a sentence under the Eighth Amendment de novo.

United States v. Flores, 572 F.3d 1254, 1268 (11th Cir. 2009). In evaluating an

Eighth Amendment challenge in a non-capital case, we must first make the

threshold determination that the sentence imposed is grossly disproportionate to

the offense committed. United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir.

2006). The defendant bears the burden of making this showing. Id. "If the

sentence is grossly disproportionate, the court must then consider the sentences

imposed on others convicted in the same jurisdiction and the sentences imposed

for commission of the same crime in other jurisdictions." Id. (quotations omitted).

Under 18 U.S.C. § 2251, any person who "employs, uses, persuades,

induces, entices, or coerces any minor to engage in, . . . with the intent that such

minor engage in, any sexually explicit conduct for the purpose of producing any

visual depiction of such conduct or for the purpose of transmitting a live visual

---

[1] Barrow suffers from spina bifida and is confined to a wheelchair.

depiction of such conduct, . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer" is subject to a minimum sentence of fifteen years' imprisonment, with a maximum sentence of thirty years.[2]  18 U.S.C. § 2251(a), (e).

In general, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." Johnson, 451 F.3d at 1243.  "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138 (1980).  This Court "has never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the Supreme Court has found only one to do so." United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010).  As we noted, the one case wherein the Supreme Court held a sentence to violate the Eighth Amendment "was for a sentence of life imprisonment without parole imposed on a petty criminal who wrote a bad check for $100, the latest in a string of his relatively minor, nonviolent offenses." Id.

---

[2]    The minimum and maximum sentences can be increased if the defendant has certain previous convictions.  18 U.S.C. § 2251(e).

Upon review of the record and consideration of the parties' briefs, we affirm. We have recognized that sentences within the statutory limits generally do not violate the Eighth Amendment, and that a defendant whose sentence falls below the statutory maximum cannot make the threshold showing of gross disproportionality. <u>Johnson</u>, 451 F.3d at 1243. Barrow was sentenced to the statutory <u>minimum</u> length. He cannot carry his burden of showing that his sentence was grossly disproportionate to the offense committed and, therefore, he cannot show that his sentence is cruel and unusual. <u>See</u> <u>id.</u> Accordingly, we affirm.

AFFIRMED.

MARTIN, Circuit Judge, concurs in result.