[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12957
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00258-CEH-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN E. MERCHANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Justin Merchant appeals his 210-month sentence imposed after he pled guilty to one count of distribution of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B).  On appeal, Merchant argues that his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment.

In the district court, Merchant did not object to his sentence on Eighth Amendment grounds; therefore, we review the sentence for plain error only. United States v. McGarity, 669 F.3d 1218, 1255 & n.56 (11th Cir.), cert. denied, 133 S. Ct. 374, 378, 381, 459, 551 (2012).  To prevail under plain error review, a defendant must show that (1) an error occurred, and that the error (2) is plain, (3) affected his substantial rights, and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Bacon, 598 F.3d 772, 777 (11th Cir. 2010).  "Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule."  United States v. Schmitz, 634 F.3d 1247, 1270–71 (11th Cir. 2011).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. Const. amend. VIII.  Although the amendment "contains a

2

narrow proportionality principle that applies to noncapital sentences," Eighth Amendment challenges rarely succeed outside the capital punishment context because courts "accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." United States v. Johnson, 451 F.3d 1239, 1242–43 (11th Cir. 2006).  To successfully challenge a non-capital sentence on Eighth Amendment grounds, a defendant must first establish that the sentence is "grossly disproportionate" to the offense he committed.[1]  Id. at 1243.  This threshold proportionality inquiry requires a comparison of "the gravity of the offense and the severity of the sentence." Graham v. Florida, — U.S. —, 130 S. Ct. 2011, 2022 (2010).  "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."  Johnson, 451 F.3d at 1243.

Merchant argues that his sentence is grossly disproportionate in light of his personal circumstances, namely his lack of a prior criminal history, his age (25 years old) at the time of the offense, his lack of sophistication and limited life experience, his family support, and expert testimony at the sentencing hearing that he is amenable to treatment and bears a low risk of recidivism.  Merchant also

---

[1]If a defendant makes a threshold showing of gross disproportionality, then "the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." Johnson, 451 F.3d at 1243.  If this comparison "validates [the] initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." Graham v. Florida, — U.S. —, 130 S. Ct. 2011, 2022 (2010) (brackets and quotation marks omitted).

asserts that the changing mores of society, as reflected in commentator and judicial criticism of the Sentencing Guidelines for child pornography offenses, require that his sentence be vacated.

Merchant has not shown the district court plainly erred in imposing his sentence. Merchant's 210-month sentence was not grossly disproportionate under the clear wording of a statute or controlling precedent. To the contrary, Merchant's sentence, at 17.5 years, was well within the statutory limits of 5 to 20 years' imprisonment. See 18 U.S.C. § 2252A(b)(1) (authorizing term of imprisonment of 5 to 20 years for violations of § 2252A(a)(2)(B)). In fact, the district court sentenced Merchant at the low end of his advisory guidelines range of 210 to 262 months. And Merchant's offense was extremely grave, as it involved nearly 47,000 images of child pornography, many of them depicting violence against infants, toddlers, and other young children.[2] See McGarity, 669 F.3d at 1256 (rejecting Eighth Amendment challenge to life sentences imposed on members of child pornography ring and reaffirming that "the sexual abuse of children, and the use of the internet to facilitate that abuse, are serious problems affecting the health and welfare of the nation"). Merchant points to no controlling precedent that plainly shows his sentence to be grossly disproportionate or

---

[2]A search of Merchant's computer and external hard drive discovered 3,568 still images and 579 videos depicting the sexual abuse and exploitation of infants, toddlers, and other prepubescent children. Pursuant to U.S.S.G. § 2G2.2, cmt. n.4(B)(ii), each video is considered to contain 75 images, yielding a total of 46,993 images.

4

otherwise cruel and unusual under the Eighth Amendment.[3]  Accordingly,

Merchant has not met his burden of showing the district court plainly erred in

imposing his sentence.

**AFFIRMED.**

---

[3]In fact, Merchant candidly acknowledges in his brief "the numerous decisions of this Court rejecting challenges similar to the one [raised] in this brief."  See, e.g., United States v. Farley, 607 F.3d 1294, 1343–45 (11th Cir. 2010); Johnson, 451 F.3d at 1242–44.  Merchant argues we should "recede[] from" those earlier cases in light of, among other things, the Supreme Court's recent decisions in Graham, 130 S. Ct. 2011 (holding Eighth Amendment prohibits imposition of life-without-parole sentence on juvenile offenders who did not commit homicide), and Miller v. Alabama, — U.S. —, 132 S. Ct. 2455 (2012) (holding Eighth Amendment prohibits sentences of mandatory life imprisonment without parole for persons under 18 years old at the time of their crimes).  Even putting aside the fact that our review is for plain error, the Graham and Miller decisions are clearly inapposite.