[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13432
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00257-JDW-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE CUEVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Frankie Cuevas appeals his 180-month sentence after pleading guilty to one count of conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I. Breach of Plea Agreement Claim

Cuevas argues that the district court plainly erred in failing to determine that the government breached the plea agreement.  Cuevas contends that the government breached its obligations in the plea agreement to (1) provide him with an opportunity to earn a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 prior to sentencing, and (2) to make known to the district court the nature and extent of his cooperation with the government.  Cuevas argues that as a result of the district court's failure to correct these breaches, he is entitled to specific performance of the plea agreement and resentencing or withdrawal of his plea.

Because Cuevas failed to raise this plea-agreement-breach issue in the district court, we review for plain error.  United States v. Schmitz, 634 F.3d 1247, 1268 (11th Cir. 2011).  To establish plain error, Cuevas must show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).

When a guilty plea rests on a promise by the government that is part of the inducement or consideration, the promise must be fulfilled. United States v. Nelson, 837 F.2d 1519, 1521 (11th Cir. 1988). The government violates a written plea agreement when its conduct is inconsistent with the agreement's terms that reasonably were understood by the defendant when entering the guilty plea. Id. at 1521-22.

The U.S. Sentencing Guidelines allow the district court to depart from the advisory guidelines range if the government files a motion that states that the defendant provided substantial assistance in an investigation or prosecution. U.S.S.G. § 5K1.1. If the defendant provides substantial assistance to the government after imposition of his sentence, the district court may also reduce the sentence upon a motion from the government. Fed. R. Crim. P. 35(b).

In his plea agreement, Cuevas agreed to cooperate fully with the United States in the investigation and prosecution of other persons and to testify fully and truthfully before a federal court or grand jury. The plea agreement provided that if Cuevas's cooperation was completed prior to sentencing, the government "agree[d] to consider" whether the cooperation warranted the filing of a § 5K1.1 motion requesting a downward departure from the applicable guidelines range. If the cooperation was completed after sentencing, the government agreed to consider whether Cuevas's cooperation warranted the filing of a motion for reduction of

3

sentence under Federal Rule of Criminal Procedure 35(b). The plea agreement also stated that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney." The government promised to "make known to the Court and other relevant authorities the nature and extent of defendant's cooperation." Cuevas claims that these provisions obligated the government to debrief him and give him the opportunity to cooperate prior to his sentencing.

Here, the district court did not plainly err when it did not determine that the government breached the plea agreement. The plea agreement nowhere promises that the government will debrief Cuevas and give him time to cooperate prior to any sentencing. And the terms of the plea agreement could not have reasonably been understood to obligate the government to debrief Cuevas prior to sentencing. See Nelson, 837 F.2d at 1521-22. Indeed, the agreement specifically contemplated that Cuevas might cooperate after sentencing. Additionally, the plea agreement did not explicitly require the government to provide Cuevas with an opportunity to cooperate. The government merely agreed "to consider" whether any such cooperation, once it was completed, qualified as substantial assistance. Further, at sentencing Cuevas never requested the district court to continue the sentencing in order to give Cuevas more time to cooperate and be debriefed prior to any sentencing.

4

In any event, contrary to Cuevas's assertion, the government did make known to the district court the extent of his cooperation as of that time. At sentencing, the government informed the district court of Cuevas's efforts to cooperate and specifically that Cuevas had made himself available to give information, but that the government simply had not yet debriefed him.

Given the stringent standard of review here, we cannot say Cuevas has shown plain error.

## II. Eighth Amendment Claim

Next Cuevas challenges his 180-month sentence as grossly disproportionate to his offense in violation of the Eighth Amendment. Cuevas argues that his sentence is grossly disproportionate because he was sentenced as a career offender under U.S.S.G. § 4B1.1 based on his previous state drug felony convictions.[1] He asserts that career offender status is for defendants who have committed extremely serious prior offenses, in contrast to his prior convictions for state drug offenses that did not require knowledge of the nature of the controlled substances. Because

---

[1]The Sentencing Guidelines classify a defendant as a career offender where, inter alia, he has at least two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Cuevas does not dispute that he had two prior state felony drug convictions. Cuevas also did not object to the guidelines calculations in the presentence investigation report or the district court's calculations of his advisory guidelines range of 188 to 235 months.

The district court sentenced Cuevas to 180 months' imprisonment, and Cuevas raises only an Eighth Amendment claim on appeal. In his plea agreement, Cuevas waived his right to appeal his sentence except on the basis, inter alia, that the sentence violates the Eighth Amendment.

at the sentencing, Cuevas did not object to the 180-month sentence, we review for plain error.  See Schmitz, 634 F.3d at 1268.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  U.S. Const. amend. VIII.  In non-capital cases, a defendant seeking relief under the Eighth Amendment must first show that the sentence was grossly disproportionate to the offense.  United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006).  In general, a sentence within the statutory limits for an offense is not grossly disproportionate.  Id.

Because Cuevas's Eighth Amendment challenge fails on the merits, we need not reach the government's invited error claim.  Here, Cuevas was sentenced to 180 months' imprisonment.  The offense in this case carried a maximum statutory sentence of 30 years' imprisonment.  21 U.S.C. § 841(b)(1)(C).  Because the district court sentenced Cuevas under the statutory limit, Cuevas has not made a threshold showing of disproportionality with respect to his sentence.  See Johnson, 451 F.3d at 1243.  Therefore, Cuevas cannot show that his sentence was imposed in plain error.

**AFFIRMED.**