[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11887
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00267-SCB-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILAL JAMAL WOODARD,
a.k.a. Jess,
a.k.a. Platinum,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 19, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Bilal Jamal Woodard pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i),[1] and the District Court sentenced him as a career offender, *see* U.S.S.G. § 4B1.1, to a prison term of 240 months, a variance below the applicable Guidelines sentence range of 262 to 327 months.   He now appeals his sentence, arguing that it is substantively unreasonable and, moreover, constitutes cruel and unusual punishment in violation of the Eighth Amendment.

In executing the plea agreement, Woodard waived his right to appeal his sentence unless the sentence: (1) exceeded the applicable Guidelines sentence range; (2) exceeded the statutory maximum sentence of life imprisonment; or (3) violated the Eighth Amendment.  The Government contends that Woodard's claim that his sentence is substantively unreasonable is barred by the waiver.  We agree. The record plainly reveals that the waiver is valid because it was knowingly and voluntarily made.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). The waiver is valid because the District Court specifically questioned Woodard about the waiver, and he confirmed that he understood that he was waiving his

---

[1]  The offense was Count 3 of a four-count indictment.  Count 1 charged possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); Counts 2 and 4 charged possession of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1).  Pursuant to the plea agreement, the Government dismissed Counts 1, 2 and 4 at sentencing on Count 3.

right to appeal as stated in the plea agreement.  We therefore DISMISS Woodard's appeal to the extent that he claims that his sentence is substantively unreasonable.  He did not waive his right to claim that the sentence violated the Eighth Amendment, however, so we consider whether a violation occurred.

At sentencing, the District Court, after imposing sentence, gave Woodard an opportunity to object to the sentence.  He failed to do so; therefore, we review his Eighth Amendment claim for plain error only.  *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).  To establish plain error, Woodard has to establish that (1) the district court committed an error, (2) that the error was plain, and (3) that the error affected his substantial rights.  If he does this, we will correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  In evaluating an Eighth Amendment challenge in a non-capital case, we first make the threshold determination that the sentence imposed is grossly disproportionate to the offense committed.  *United States v. Johnson,* 451 F.3d 1239, 1243 (11th Cir. 2006).  The defendant bears the burden for making this threshold showing.  *Id.*

Woodard's sentence is not grossly disproportionate under current law. *Olano* at 734, 113 S.Ct. at 1777.  To the contrary, the sentence is below the applicable Guidelines sentence range and the applicable statutory maximum sentence.  U.S.S.G. § 4B1.1(c)(3); 18 U.S.C. § 924(c)(1)(A)(i).  Furthermore, Woodard candidly acknowledges in his brief that there is no controlling precedent that plainly shows that his sentence is grossly disproportionate to his crime.  In short, Woodard cannot demonstrate error.  Since he cannot do that, he obviously cannot demonstrate plain error, and the sentence must be AFFIRMED.

DISMISSED, in part; AFFIRMED, in part.