[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14095
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00053-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN ALAN MARSHALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 25, 2014)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Shawn Marshall appeals his sentence of life imprisonment that he received following his plea of guilty to causing a minor to engage in sexual acts by threat. 18 U.S.C. § 2242(1), (7). Marshall contests the enhancement of his base offense level for being a repeat and dangerous sex offender against minors, United States Sentencing Guidelines Manual § 4B1.5 (Nov. 2012), but we granted the motion of the government to dismiss that issue as barred by Marshall's sentence appeal waiver. We consider Marshall's challenges to the procedural and substantive reasonableness of his sentence and his argument, made for the first time on appeal, that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

Marshall argues that the district court failed to explain adequately the reasons that it varied upward from the Sentencing Guidelines, but we disagree. The district court stated that, after considering the arguments of the parties, the presentence investigation report, and the statutory sentencing factors, the sentencing range provided under the Guidelines would not address the "cruel and despicable" nature of Marshall's sexual abuse of his daughter, the duration of that abuse, the violence and coercion used to force her into compliance, or the devastating effects on her and on other members of the family. The district court explained that Marshall's offense was "more egregious than any [it] had . . . address[ed]" and that an upward variance was necessary to address the "nature and

2

circumstances of the offense" and to "adequately reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment in [the] case." 18 U.S.C. § 3553(a). The district court provided a reasoned basis for Marshall's sentence. *See id.* § 3553(c); *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

The district court also did not abuse its discretion by sentencing Marshall to the maximum statutory punishment for his crime. Marshall raped his daughter and forced her to perform fellatio on him repeatedly inside their home while she was between the ages of 14 and 17. Marshall was physically and verbally abusive to other family members in his daughter's presence; he controlled his daughter by threatening to harm her and applying physical force that included, on different occasions, having her arms pinned behind her back and a cord wrapped around her throat; and he convinced her that reporting the abuse would destroy their family. The district court weighed the sentencing factors and reasonably determined that the harms Marshall inflicted on his daughter and his family were sufficiently compelling to justify varying upward from his advisory guideline range of 235 to 293 months to a sentence of imprisonment for life. We are not left with a "definite and firm conviction" that Marshall's sentence reflects a clear error of judgment. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010). Marshall argues that the district court ignored a neuropsychological evaluation that detailed his

abusive childhood and his addiction to alcohol, but the district court determined that Marshall's reprehensible conduct outweighed his history and characteristics. Marshall's sentence is reasonable.

Marshall's argument raised for the first time on appeal that his sentence violates the Eighth Amendment also fails. To prevail on review for plain error, Marshall must prove that an error occurred and that the error is plain, affects his substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010). "Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." *United States v. Schmitz*, 634 F.3d 1247, 1270–71 (11th Cir. 2011). Marshall cannot establish that his sentence is grossly disproportionate to his offense. *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* (internal quotation marks omitted). And Marshall fails to explain how his sentence violates the Eighth Amendment or to cite any authority stating that a sentence of life imprisonment is grossly disproportionate to sexually abusing a teenage daughter continually for several years by means of physical force and coercion.

We **AFFIRM** Marshall's sentence.

4