[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11869
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00503-SDM-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO BILTRES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 9, 2015)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Otto Biltres appeals his total 121-month sentence, consisting of 97 months' imprisonment, imposed after he pled guilty to wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and his consecutive sentence of 24 months' imprisonment, imposed after he pled guilty to aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1343, and 2.  On appeal, Biltres argues that his sentence was grossly disproportionate to his offense and therefore constitutes cruel and unusual punishment in violation of the Eighth Amendment.

While we generally review the legality of a sentence under the Eighth Amendment *de novo*, when a defendant fails to object on such grounds at the district court level, our review is for plain error.  *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012).  "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "In non-capital cases, the Eighth Amendment encompasses, at

most, only a narrow proportionality principle." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). In challenging a sentence on Eighth Amendment grounds, the defendant must first demonstrate that the sentence imposed is grossly disproportionate to the offense committed. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). If the defendant makes this showing, we must consider the sentences imposed on others convicted in the same jurisdiction, as well as the sentences imposed in other jurisdictions for the same crime. *Id.* Comparisons to the punishments available for similar or worse crimes "have no place in proportionality analysis unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *See United States v. Farley*, 607 F.3d 1294, 1344 (11th Cir. 2010) (quotation omitted). In judging the seriousness of the crime for this threshold comparison, we look at the harm caused by the kind of crime involved in the case. *See id.*

A term of imprisonment will be grossly disproportionate to the offense only in rare, extraordinary situations. *Id.* at 1343-44. "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual." *Johnson*, 451 F.3d at 1243. We have recognized that, "outside the context of capital punishment, there have been few successful challenges to the proportionality of sentences," because the courts generally defer to Congress's broad "authority to

3

determine the types and limits of punishments for crimes." *McGarity*, 669 F.3d at 1256 (alterations omitted).

The maximum term of imprisonment for a defendant convicted of wire fraud under 18 U.S.C. § 1343 is 20 years. 18 U.S.C. § 1343. A defendant convicted of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) is subject to a mandatory term of two years' imprisonment, which must run consecutively to any other term of imprisonment. *Id*. § 1028A(a)(1), (b)(2).

Because Biltres did not object to his sentence on Eighth Amendment grounds in the district court, our review is for plain error. *See McGarity*, 669 F.3d at 1255. The district court did not plainly err in imposing Biltres's sentence, as Biltres's total sentence of 121 months' imprisonment was not grossly disproportionate to his offense and, to say the least, did not obviously violate the Eighth Amendment. *See Johnson*, 451 F.3d at 1243. The kind of harm caused by offenses such as Biltres's fraud is serious. *See Farley*, 607 F.3d at 1344. Biltres perpetrated a complex scheme that resulted in a loss of $2,706,455.69, lasted over 3 years, relied on the creation of 4 fictitious companies, and unlawfully used the identities and social security numbers of hundreds of persons. In addition, Biltres's sentence of 97 months' imprisonment for his wire fraud conviction was below the statutory maximum of 20 years or 240 months, and his sentence of 24 months' imprisonment for his aggravated identity theft conviction reflected the

exact term of imprisonment required by statute.  *See* 18 U.S.C. §§ 1028A(a)(1), (b)(2), 1343; *Johnson*, 451 F.3d at 1243.

**AFFIRMED.**