[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11881
Non-Argument Calendar
_____

D.C. Docket Nos. 5:17-cr-00057-MTT-CHW-1; 5:15-cr-00035-MTT-CHW-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 22, 2019)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Adrian Green appeals his 230-month total consecutive sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and his prior conviction for conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(D).  He argues that his aggregate sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment because the application of a recidivist sentencing statute, U.S.S.G. § 4B1.1(a), together with consecutive sentences, renders his punishment grossly disproportionate to his offense.

We review the constitutionality of a defendant's sentence *de novo*.  *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013).  The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishment."  U.S. Const. amend. VIII.  In non-capital cases, "the Eighth Amendment encompasses, at most, only a narrow proportionality principle."  *United States v. Suarez*, 893 F.3d 1330, 1335-36 (11th Cir. 2018), *petition for cert. filed*, (U.S. Nov. 26, 2018) (No. 18-16808) (citation omitted).  To determine whether a sentence constitutes cruel and unusual punishment, the defendant must first show that the sentence "is grossly disproportionate to the offense committed."  *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).  If the defendant satisfies this burden, we then

2

consider "sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id.* In general, a sentence imposed within the statutory limits does not violate the Eighth Amendment. *Id.* Possession with intent to distribute methamphetamine has a statutory maximum of 20 years' imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(C).

Successful Eighth Amendment challenges in non-capital cases are "exceedingly rare;" so rare, in fact, that never have we concluded that an adult's non-capital sentence violates the Eighth Amendment. *Suarez*, 893 F.3d at 1336. Supreme Court precedents do not help Defendant. In *Rummel v. Estelle*, the Supreme Court said that a mandatory life sentence imposed under a recidivist statute did not constitute cruel and unusual punishment under the Eighth Amendment. 445 U.S. 263, 284-85 (1980). In *Hutto v. Davis*, the Supreme Court affirmed a defendant's consecutive 20-year sentences for possession with intent to distribute marijuana and distribution of marijuana, on the grounds that the total sentence was not grossly disproportionate and, therefore, did not violate the Eighth Amendment. 454 U.S. 370, 370-75 (1982) (*per curiam*). In *Harmelin v. Michigan*, a majority of the Supreme Court determined that a defendant's mandatory life sentence without parole for a first-time drug offense was not grossly disproportionate to the offense. 501 U.S. 957, 994-95 (1991). And, in *United States v. Hoffman*, we upheld, under plain error review, a mandatory life

3

sentence without parole for a defendant convicted of trafficking in and possession of methamphetamine who had two prior felony drug convictions.  710 F.3d 1228, 1231-33 (11th Cir. 2013).

We conclude that Green failed to make the necessary threshold showing that his aggregate 230-month sentence is grossly disproportionate to the offense committed.  Green committed the current offense while on pre-trial release for another drug-related offense, and courts do not take such conduct lightly.  Green's total sentence is below the 240-month statutory maximum for the current offense.  Moreover, for similar and even lesser offenses than Green's, we and the Supreme Court have affirmed even lengthier sentences based on recidivist statutes and consecutive sentences.  Accordingly, Green's sentence does not violate the Eighth Amendment.  We affirm the sentence.

**AFFIRMED.**

4