[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12036
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00195-WWB-EJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS LEE FLEMING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2021)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Curtis Fleming appeals his 151-month sentence imposed after he pleaded guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1). He argues that his sentence violates the Eighth Amendment because it is excessive, disproportionate, and harsh for a first-time offender like himself who had no actual contact with any children.[1]

Where, as here, the defendant preserved his challenge in the district court, we review whether a sentence violates the Eighth Amendment *de novo*. *United States v. Carthen*, 906 F.3d 1315, 1322 (11th Cir. 2018). "The Eighth Amendment's prohibition of cruel and unusual punishments contains a narrow proportionality principle that applies to noncapital sentences." *Id.* (quotation omitted); *see also Ewing v. California*, 538 U.S. 11, 23 (2003) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."). When reviewing an Eighth Amendment challenge to a non-capital sentence, we first consider "whether the sentence is grossly disproportionate to the offense committed." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018) (quotation omitted). The party challenging the sentence bears the burden of

---

[1] We determined previously that the sentence-appeal waiver in Fleming's plea agreement was valid and enforceable. Accordingly, we dismissed Fleming's challenge to his guidelines' calculation—namely, that the district court erred in applying a two-level enhancement under U.S.S.G. § 2G2.2. Fleming's Eighth Amendment challenge, however, fell within one of the waiver's exceptions and was therefore not foreclosed.

2

demonstrating that the sentence is disproportionate. *United States v. Johnson*, 451

F.3d 1239, 1243 (11th Cir. 2006). If we determine the sentence is grossly

disproportionate, "we then consider sentences imposed on others convicted of the

same crime." *Suarez*, 893 F.3d at 1336 (quotation omitted). However,

"[s]uccessful Eighth Amendment challenges in non-capital cases are exceedingly

rare. Indeed, . . . we have never held that a non-capital sentence for an adult has

violated the Eighth Amendment." *Id.* (quotation and citations omitted). Moreover,

"[i]n general, a sentence within the limits imposed by statute is neither excessive

nor cruel and unusual under the Eighth Amendment." *United States v. Moriarty*,

429 F.3d 1012, 1024 (11th Cir. 2005) (quotation omitted).

Fleming's argument that his 151-month sentence (or approximately 12.5

years' imprisonment) violates the Eighth Amendment because he was a first-time

offender and did not have any personal contact with children is unpersuasive.[2] The

---

[2] Fleming's reliance on the 2012 and 2013 Sentencing Commission reports examining sentencing disparities among offenders in non-production child pornography cases is misplaced. The fact that sentencing disparities among offenders in non-production cases may exist does not tend to establish that Fleming's within statutory limits sentence is unconstitutionally excessive or cruel and unusual for purposes of the Eighth Amendment. Indeed, in the context of reasonableness challenges to a defendant's sentence, we have rejected similar arguments based on the Sentencing Commission reports. *See, e.g.*, *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014); *United States v. Carpenter*, 803 F.3d 1224, 1235–36 (11th Cir. 2015).

To the extent that Fleming argues that evolving standards in society are moving towards recognizing that possession of child pornography is somehow less egregious than other types of crimes involving children and does not warrant such "harsh and draconian" punishments, we have repeatedly rejected such a contention and continue to do so. *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010) (*en banc*) ("[C]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." (quoting *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009))); *United States v. Pugh*, 515 F.3d 1179, 1195–98 (11th Cir. 2008)

statutory range for receipt of child pornography is five to twenty years'

imprisonment, 18 U.S.C. § 2252A(b)(1), and Fleming's applicable guidelines

range was 151 to 188 months' imprisonment.  Fleming's bottom-of-the-guidelines

sentence is well within the statutory range, which indicates that his sentence is

neither excessive nor cruel and unusual and does not violate the Eighth

Amendment.  *Moriarty*, 429 F.3d at 1024.  Further, contrary to Fleming's

argument, we have consistently recognized that "possession of child pornography

is not a victimless crime.  A child somewhere was used to produce the images

downloaded by [the defendant], in large part, because individuals like [the

defendant] exist to download the images."  *United States v. Yuknavich*, 419 F.3d

1302, 1310 (11th Cir. 2005).  Moreover, at least "400 images, 60 videos, and 181

video clips containing child pornography" were found on Fleming's devices, and

some of these images "depicted prepubescent children under the age of twelve,

portrayed sadistic or masochistic conduct, and involved sexual abuse or

---

(discussing at length the impact that child pornography has on the child victims); *see also United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) ("Receiving and possessing child pornography helps create a market for more pornography, encouraging the victimization of more children. (alteration adopted) (quotation omitted)).  And in cases involving child pornography, we have frequently upheld much longer sentences than Fleming's sentence.  *See, e.g., United States v. Hall*, 965 F.3d 1281, 1297–99 (11th Cir. 2020) (upholding as reasonable a 480-month sentence for receipt of child pornography, which was an upward variance of 300 months from the guidelines range); *Sarras*, 575 F.3d at 1196, 1220–21 (upholding a total 1,200 month sentence for three counts of knowingly persuading a minor to engage in sexually explicit conduct and one count of knowingly possessing child pornography); *United States v. Kapordelis*, 569 F.3d 1291, 1319 (11th Cir. 2009) (upholding as reasonable an upward variance sentence of 420 months for producing, receiving, and possessing child pornography).

4

exploitation of a toddler." Under these circumstances, we cannot say that Fleming's 151-month sentence is grossly disproportionate to the offense committed. Accordingly, we affirm his conviction and sentence.

**AFFIRMED.**