[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14092
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00061-DHB-WLB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN HOWARD,
a.k.a. Steebo,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 9, 2013)


Before HULL, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Steven Howard appeals his sentence of 32 months' incarceration for violating the terms of his supervised release. On appeal, Howard argues that his underlying sentence of 188 months' incarceration and subsequent modification to 168 months' incarceration violated his Due Process rights under the Fifth Amendment. He argues that we should adopt the Sixth Circuit's reasoning[*] that the Fair Sentencing Act retroactively applies to him and that, under that holding, his underlying sentence was impermissibly discriminatory in violation of his Due Process rights. Howard also argues that the sentence imposed upon the revocation of his supervised release was cruel and unusual, such that it violated the Eighth Amendment. He concludes that, had he been sentenced constitutionally for the underlying sentence, he would have not been on supervised release at the time of his violation.

---

[*] *See United States v. Blewett*, 719 F.3d 482 (6th Cir.), *reh'g en banc granted*, case nos. 12-5226/5582 (6th Cir. July 11, 2013).

I

"[A] defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense." *United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005). Rather, "a sentence is presumed valid until vacated under 28 U.S.C. § 2255." *Id.* (alteration omitted). Thus, Howard may not attack the validity of his original sentence through this appeal.

II

Because Howard raises his Eighth Amendment argument for the first time on appeal, we review only for plain error. *See United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 378 (2012). To establish plain error, a defendant "must show that there is (1) error (2) that is plain and (3) that affects substantial rights." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003) (quotations omitted). In addition, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* at 1291.

3

The Eighth Amendment guarantees that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. We have written that "[o]ur jurisprudence recognizes a 'narrow proportionality principle that applies to noncapital sentences.'" *McGarity*, 669 F.3d at 1255-56 (citing *United States v Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006)).  When addressing an Eighth Amendment challenge, we have this compass:

> a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

*United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005). To succeed on an Eighth Amendment claim, the defendant must "make a threshold showing that his sentence is 'grossly disproportionate to the offense committed.'" *McGarity*, 669 F.3d at 1256.

Howard failed to demonstrate that the district court plainly erred when it sentenced him to 32 months' incarceration for violating his supervised release. Neither this Court nor the Supreme Court has held that a sentence within the properly calculated guideline range is grossly disproportionate to the violation of supervised release. Furthermore, Howard's argument that it was cruel and unusual to sentence him for violating his supervised release when his underlying sentence

4

was unconstitutional is unavailing, because he cannot attack the underlying

sentence on this appeal. *See White*, 416 F.3d at 1316. Howard cannot show that the

district court plainly erred. *See Lejarde-Rada*, 319 F.3d at 1291.

**AFFIRMED.**