[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15750
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20608-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH DARIO KAMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2014)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Joseph Dario Kamer appeals his total 180-month imprisonment sentence, imposed after pleading guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  Kamer argues (1) that the district court committed significant procedural error by making a clearly erroneous conclusion about how many videos of child pornography he possessed; (2) that the district court committed significant procedural error by not considering the need to provide restitution to victims when imposing his imprisonment sentence; and (3) that the court abused its discretion by ignoring sentences imposed on similarly situated defendants and imposing a substantively unreasonable sentence.  Kamer did not raise these objections at his sentencing hearing.

Normally, we review a purported error for plain error when a party failed to object on that ground before the district court.  *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  We normally are precluded from reviewing a claim that factual findings were erroneous when a party fails to object to the findings before the district court.  *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).  However, we will review these issues as if Kamer preserved his alleged errors because the district court offered him no opportunity to object after imposing the sentence.  *See United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (per curium).

2

We review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc). First, we ensure that the district court committed no significant procedural error, such as failing to calculate the guidelines range, not considering the § 3553(a) sentencing factors, or selecting a sentence based on clearly erroneous facts. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). Second, we review whether the sentence is substantively reasonable under the totality of the circumstances. *Id.* We only vacate a sentence as substantively unreasonable when we have a definite and firm conviction that the sentence is outside the range of reasonable sentences. *Irey*, 612 F.3d at 1190.

We must ensure ourselves that the district court's factual findings were procedurally reasonable before sentencing Kamer. The district court must make independent factual findings to establish the factual basis for its guidelines calculations. *United States v. Hamaker*, 455 F.3d 1316, 1338 (11th Cir. 2006). We review the district court's findings of fact for clear error. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011). A factual finding is clearly erroneous when we have a definite and firm conviction that the district court made a mistake after reviewing all of the evidence. *Id.* It may rely on undisputed statements in the presentence report hearing when making these findings. *Hamaker*, 455 F.3d. at 1338. When sentencing the defendant, the district court

3

must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the purposes of sentencing, the guidelines range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a). It must discuss its consideration of the factors enough to show that it considered the parties' arguments and had a reasoned basis for its decision. *United States v. Flores*, 572 F.3d 1254, 1270-71 (11th Cir. 2009) (per curium). It is not required to discuss each factor. *Id.* at 1270.

We must also ensure ourselves that Kamer's sentence of 180 months of imprisonment is substantively reasonable. The district court must impose a sentence sufficient, but not greater than necessary, to meet the purposes of punishment. 18 U.S.C. § 3553(a). The weight given to any individual sentencing factor is committed to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). A sentence within the guidelines range is ordinarily expected to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Kamer's 180-month sentence of imprisonment is procedurally and substantively reasonable. First, the district court did not make a clearly erroneous factual conclusion because it never concluded that Kamer possessed more videos than he admitted to possessing in his factual proffer. Second, it did not commit

significant procedural error by failing to discuss its consideration of the need for restitution because it discussed several § 3553(a) factors supporting Kamer's sentence, including the severity of his crime, his admission that he was unable to stop viewing child pornography, and the need to protect the public from his crimes. It was not required to explicitly discuss restitution during sentencing. *Flores*, 572 F.3d at 1271. Finally, it did not abuse its discretion by imposing a substantively unreasonable sentence. It concluded that several factors weighed in favor of a within-guidelines sentence, including the nature of the offense, the history of the defendant, and the need to promote respect for the law, provide adequate deterrence, and protect the public. Furthermore, we ordinarily expect a sentence within the guidelines range to be substantively reasonable. *Talley*, 431 F.3d at 788. Accordingly, we affirm Kamer's sentence.

**AFFIRMED.**