[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10988
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00030-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAREY DOWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 18, 2016)

Before WILSON, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Carey Dowis appeals his conviction and the sentence imposed after he was found guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Dowis argues that (1) § 922(g)(1) is an unconstitutional infringement of his Second Amendment right to bear arms for purposes of self-defense, and (2) his sentence constitutes cruel and unusual punishment under the Eighth Amendment.  After thorough review of the parties' briefs, we conclude that both the statute and Dowis's sentence are constitutional.  Accordingly, we affirm.

I

The United States indicted Dowis for knowingly possessing a firearm in or affecting interstate commerce after having been convicted of a crime punishable by more than one-year imprisonment, in violation of 18 U.S.C. § 922(g)(1).  Dowis moved to dismiss the indictment on grounds that § 922(g)(1) violated the Second Amendment because it failed to distinguish between prior convictions for violent, versus non-violent, felonies.  The magistrate judge prepared a Report and Recommendation (R&R) that recommended Dowis's motion be denied in light of *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (per curiam), in which we held that § 922(g)(1) does not violate the Second Amendment.  Dowis objected to the R&R on grounds that *District of Columbia v. Heller*, 54 U.S. 570, 128 S. Ct. 2783 (2008), disallowed the court from abrogating his Second Amendment rights.

The district court adopted the R&R, overruled Dowis's objection, and denied Dowis's motion to dismiss.  After a bench trial premised on stipulated facts—including, in relevant part, that Dowis possessed the firearms as charged, they had been transported across state lines, and Dowis had previously been convicted of two felonies—the court entered an order finding Dowis guilty. Following a hearing, the district court sentenced Dowis to 30-months imprisonment with three years of supervised release to follow, which reflected a downward variance from the advisory range under the United States Sentencing Guidelines.

## II

Dowis argues that § 922(g)(1) violates the Second Amendment and his sentence violates the Eighth Amendment.  We review challenges to the constitutionality of a statute or a sentence de novo.  *Rozier*, 598 F.3d at 770.  We address each argument in turn.

Dowis argues that § 922(g)(1) is unconstitutional because it targets a politically unpopular group—convicted felons—and fails to differentiate between violent and nonviolent felons, without a rational basis.  We have already held that "statutory restrictions on firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people."  *Id.* at 771.  "Like most rights, the right secured by the Second

Amendment is not unlimited." *Heller*, 554 U.S. at 626, 128 S. Ct. at 2816. Certain individuals—including convicted felons—are "*disqualified* from the exercise of Second Amendment rights." *Rozier*, 598 F.3d at 770 (quoting *Heller*, 554 U.S. at 635, 128 S. Ct. at 2822); *accord United States v. Giles*, 640 F.2d 621, 624–25 (5th Cir. Unit A Mar. 1981) (holding that predecessor statute to § 922(g)(1) survived an equal protection challenge because the government has a rational basis for restricting the Second Amendment rights of both violent and non-violent felons).[1] Accordingly, Dowis's claim is foreclosed by this court's prior precedent. *See, e.g.*, *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (internal quotation marks omitted)).

Dowis also argues that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because it is grossly disproportionate to his conduct. Specifically, Dowis argues that spending thirty months in prison for "possessing an otherwise legal firearm is grossly excessive." Dowis received a sentence of 30-months imprisonment, which is not only below the statutory maximum of 10 years, but also a variance downward from the

---

[1] All decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

applicable advisory guideline range of 33 to 41 months.  This lenient sentence does not violate the Eighth Amendment; "a sentence *within* the statutory limits generally does not violate the Eighth Amendment."  *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam) (emphasis added).  Accordingly, we affirm.

III

For the foregoing reasons, we **AFFIRM** Dowis's conviction and sentence.