[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16034
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00016-RWS-SSC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE DAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 24, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lawrence Dawson, through counsel, appeals the District Court's 366-day sentence of imprisonment from an order revoking supervised release pursuant to 18 U.S.C. § 3583(e)(3).  On appeal, Dawson argues only that his newly imposed sentence is substantively unreasonable.  After review of the record and consideration of the parties' briefs, we affirm.

We review sentences imposed following the revocation of supervised release for reasonableness under a highly deferential abuse-of-discretion standard.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).[1]

In reviewing for substantive reasonableness, we examine the totality of the circumstances and ask whether the statutory factors set forth in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The weight accorded any particular § 3553(a) factor is a matter committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  Although we do not presume that a sentence

---

[1] The defendant here did not object to his sentence below, a circumstance ordinarily resulting in plain error review.  *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006). However, the record reveals the District Court failed to provide the defendant an opportunity to object during sentencing.  Accordingly, we decline the Government's invitation to engage only in plain error review.  *See id.* (declining to review an Eighth Amendment claim for plain error, because the district court did not give the defendant an opportunity to object).  The record in this case is sufficient for meaningful appellate review, and Dawson does not independently raise the District Court's failure to allow him an opportunity to object as error, so we need not remand to give him an opportunity to properly object to his sentence.  *Id.*

falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty also indicates that the sentence is reasonable. *See Gonzalez*, 550 F.3d at 1324 (holding that a within-guideline sentence was reasonable, in part, because it was well below the allowable statutory maximum).

Under 18 U.S.C. § 3583(e), a court may revoke supervised release and impose a term of imprisonment, if, after considering certain factors set forth in 18 U.S.C. § 3553(a), it finds by a preponderance of the evidence that the defendant violated a term of supervised release. 18 U.S.C. § 3583(e).[2] In the revocation hearing below, Dawson admitted to committing two Grade C violations of his supervised release by failing to notify his probation officer within 72 hours of a change in residence and failing to submit required written reports to the United States Parole Office for the months of September and October 2015. The guideline range for a Class C parole violation committed by a defendant, like Dawson, originally sentenced with a criminal history category of V is 7 to 13 months imprisonment. U.S.S.G § 7B1.4. Dawson is exposed to a statutory

---

[2]Further, revoking supervised release is generally appropriate in the case of a Grade C parole violation by a defendant who was previously allowed to continue on supervised release after committing a parole violation. Dawson does not dispute that he previously violated the terms of his parole by among other things, failing to report to his Probation Officer as directed and failing to report a change in employment within 72 hours. The district court modified the terms of Dawson's supervised release to include a cognitive skills program in response to these previous violations.

maximum of two years imprisonment because his original conviction was for a violation of 18 U.S.C. § 922(g), a Class C felony. *See* 18 U.S.C. § 3583(e)(3) (explaining a maximum of two years imprisonment is allowable following revocation of supervised release for commission of a Class C felony); 18 U.S.C. § 924(a)(2) (providing for a ten year maximum term of imprisonment for the violation of 18 U.S.C. § 922(g)); 18 U.S.C. § 3559(a)(3) (identifying as Class C felonies crimes punishable by a term of imprisonment between ten and twenty five years).

Based on these uncontested findings by the District Court, Dawson's 366-day revocation sentence is substantively reasonable.[3] Dawson's sentence was within the guideline range of 7 to 13 months of imprisonment for a Grade C parole violation and well below the two-year statutory maximum. *See Hunt*, 526 F.3d at 746 (explaining we expect a sentence imposed within the appropriately calculated guideline range to be reasonable); *Gonzalez*, 550 F.3d at 1324 (holding that a within-guideline sentence was reasonable, in part because it was well below the statutory maximum). The district court also properly considered the § 3553(a)

---

[3] Although we normally address procedural guideline errors before evaluating the substantive reasonableness of a sentence, we will not reach out to address a possible procedural error where, as here, the party fails to raise the issue on appeal. *United States v. Hayes*, 762 F.3d 1300, 1310 (11th Cir. 2014). Dawson's primary argument on appeal is that the sentence he received was substantively unreasonable because the District Court considered a Grade B parole violation he may not have actually committed. This argument fails because we find the sentence imposed by the District Court substantively reasonable even if we completely disregard any potential Grade B parole violation Dawson may have committed.

factors in reviewing Dawson's repeated failures to communicate with his probation officer, as evidenced by his prior violations of the terms of his parole, explaining that Dawson exhibited a total disregard of his responsibilities on supervised release.  *See Gonzalez*, 550 F.3d at 1324 (explaining the district court need not explicitly consider all of the § 3553(a) factors so long as those factors adequately support the imposed sentence); *Clay*, 483 F.3d at 743 (indicating the weight accorded to any particular § 3553(a) factor is a matter committed to the sound discretion of the district court).  And, revocation is generally appropriate in the case of a defendant who, having been continued on supervised release after one violation, again violates the conditions of his supervision.  18 U.S.S.G. § 7B1.3, comment. (n.1).  The District Court's decision to revoke supervised release for Dawson, a repeat violator of the terms of his parole, and impose a within-the-guidelines 366 day term of imprisonment was not error.

**AFFIRMED.**