[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16799
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00230-CEH-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE JAIME ARREAGA MINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Enrique Jaime Arreaga Mino appeals his 135-month sentence imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  On appeal, Arreaga Mino argues the sentence appeal waiver in his plea agreement does not bar him from challenging his sentence as a violation of the Eighth Amendment.  And he says his sentence violated the Eighth Amendment as applied to him.  After careful review, we affirm.

I.

Arreaga Mino first argues the sentence appeal waiver in his plea agreement does not bar his appeal.  We review de novo the validity of a sentence appeal waiver.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  Sentence appeal waivers are enforced if made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).

Arreaga Mino does not dispute the enforceability of his appeal waiver.  Instead he points out that one exception to the sentence appeal waiver is for a claim on "the ground that the sentence violates the Eighth Amendment to the Constitution."  Because of this exception, an Eighth Amendment challenge to his

sentence is not barred by the sentence appeal waiver and Arreaga Mino is entitled to raise his Eighth Amendment claim.[1]

## II.

Arreaga Mino next argues the sentence imposed by the district court violated the Eighth Amendment as applied to him.  Ordinarily, we review de novo whether a sentence is legal under the Eighth Amendment.  United States v. McGarity, 669 F.3d 1218, 1255 (11th Cir. 2012).  However, because Arreaga Mino did not object to his sentence on Eighth Amendment grounds before the district court, we review for plain error.  Id.  Plain error happens "where (1) there is error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam) (quotation omitted).

The Eighth Amendment prohibits excessive bail and fines, as well as cruel and unusual punishments.  U.S. Const. Amend. VIII.  "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle."  United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (per curiam) (quotation omitted).  To prevail on such a claim, the defendant has the burden of showing (1) "the sentence imposed is grossly disproportionate to the

---

[1] To the extent Arreaga Mino challenges the procedural or substantive reasonableness of his sentence, however, such claims are clearly barred by the appeal waiver.

3

offense committed"; and (2) if that has been shown, "the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam) (quotation omitted).  A sentence within the statutory limits is generally not in violation of the Eighth Amendment.  Id.

Arreaga Mino says his sentence violated the Eighth Amendment because it is grossly disproportionate to his offense and is much higher than the sentence of his codefendant.  He argues it was not fair to give his codefendant a lower sentence because his codefendant cooperated with the government before he did.

These arguments do not meet the required threshold for showing that Arreaga Mino's sentence was grossly disproportionate.  Arreaga Mino conspired to possess with intent to distribute roughly 794 kilograms of cocaine on a ship in U.S. waters.  His conviction for this crime carried a statutory range of 10-years imprisonment to life.  And Arreaga Mino's guidelines range, as calculated by the Presentence Investigation Report, was 135 to 168 months imprisonment.  The district court sentenced Arreaga Mino to the low-end of this range, which was in proximity to the statutory minimum.  Given the circumstances of his crime and that the sentence he received was within the statutory limits, we do not find his argument persuasive that his sentence was grossly disproportionate to his offense.

4

See Johnson, 451 F.3d at 1243; see also McGarity, 669 F.3d at 1256 ("The reason for such few successful challenges is the level of deference we accord Congress's authority to determine the types and limits of punishments for crimes." (quotation omitted)).  And Arreaga Mino's argument that his codefendant's lower sentence rendered his own sentence grossly disproportionate is also not persuasive in this context.  Arreaga Mino's codefendant received 108-months imprisonment, in part because of his assistance to the government.  Arreaga Mino was sentenced to 135-months imprisonment.  On this record, and considering the crime, we cannot say the district court plainly erred and imposed a grossly disproportionate sentence on Arreaga Mino.  See McGarity, 669 F.3d at 1255–57.  We therefore need not examine the second prong of the Eighth Amendment's test.  See United States v. Farley, 607 F.3d 1294, 1342 (11th Cir. 2010) ("Without an initial judgment that a sentence is grossly disproportionate to a crime, comparative analysis of sentences has no role to play.").  As a result, the district court is affirmed.

**AFFIRMED.**