[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10258

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PETER JOHN ZAYAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80142-AMC-1

_____

Before WILSON, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Defendant-Appellant Peter Zayas appeals his sentence. Zayas pleaded guilty to one count of enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count 1); two counts of production of material containing visual depictions of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e) (Counts 2 and 4); two counts of distribution of material containing visual depictions of sexual exploitation of a minor, in violation of 18 U.S.C § 2252(a)(2), (b)(1) (Counts 3 and 5); and one count of possession of matter containing visual depictions of sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(b) (Count 6). The district court sentenced Zayas to life imprisonment on Count 1.[1]

On appeal, Zayas argues, for the first time, that the district court plainly erred because the life sentence it imposed was a cruel and unusual punishment, in violation of the Eighth Amendment. He also argues that his life sentence, which was within his advisory guideline range, was substantively unreasonable because it created an unwarranted sentencing disparity between him and other

---

[1] The district court also sentenced Zayas to 360 months as to each of Counts 2 and 4, 240 months as to each of Counts 3 and 5, and 120 months as to Count 6, all to be served concurrently.

defendants convicted of similar or worse offenses.  After careful review, we affirm.

## I.

This court reviews an Eighth Amendment claim of cruel and unusual punishment raised for the first time on appeal for plain error.[2]  *United States v. Suarez*, 893 F.3d 1330, 1335 (11th Cir. 2018). There can be no plain error when the issue is not directly resolved by law from the Supreme Court or this court.  *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022).

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  It has "a narrow proportionality principle that applies to non-capital sentences," but it "does not require strict proportionality" between the sentence and the crime.  *United States v. Smith*, 967 F.3d 1196, 1214 (11th Cir. 2020) (internal quotation marks omitted).  "Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment," as we afford "substantial deference" to Congress's "broad authority to determine the types and limits of punishments for crimes."  *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016) (internal quotation marks omitted).

---

[2] "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).

In setting out an Eighth Amendment challenge in a non-capital case, the defendant must first make a threshold showing "that the sentence imposed is grossly disproportionate to the offense committed." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam). If the defendant makes this threshold showing of disproportionality, this court will then consider the sentences imposed on other defendants in similar cases. *Id.*

In non-capital cases, successful Eighth Amendment challenges are "exceedingly rare," and "we have never held that a non-capital sentence for an adult has violated the Eighth Amendment." *Suarez*, 893 F.3d at 1336 (quotation marks omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Johnson*, 451 F.3d at 1243 (quotation marks omitted).

Under our precedent, Zayas has not made the threshold showing of a grossly disproportionate sentence.[3] *See id.* Moreover, he has not identified any precedent from this circuit or the Supreme Court holding that a life sentence for an adult offender violated the

---

[3] Zayas cites the Sentencing Commission's 2023 Sourcebook of Federal Sentencing Statistics, which reports the average sentences for individuals sentenced for child pornography (115 months) and sexual abuse (213 months). Both were less than the life imprisonment that Zayas received. Because Zayas failed to make a threshold showing of disproportionality, we do not consider this data. *See Johnson*, 451 F.3d at 1243 (If the defendant failed to make the threshold showing, "[w]e need not consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crimes in other jurisdictions.").

Eighth Amendment.[4]  Thus, Zayas has not shown his life sentence was error, much less plain error.  *See Moore*, 22 F.4th at 1266.

## II.

We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  In performing that review, we look at the totality of the circumstances and whether the sentence achieves the statutory sentencing purposes in 18 U.S.C. § 3553(a).  *Gall*, 552 U.S. at 49–51.  A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

A sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)-(C).  The court must also consider the nature and circumstances of the

---

[4] Here, Count 1, enticement of a minor to engage in sexual activity, carried a statutory minimum of at least ten years and a statutory maximum of life imprisonment.  *See* 18 U.S.C. § 2422(b).  Because we afford "substantial deference" to Congress's determination of punishment, Zaya's life sentences was within the statutory limits and was not cruel and unusual under the Eighth Amendment.  *See Bowers*, 811 F.3d at 432.

offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. *Id.* § 3553(a)(1), (3)-(6). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Zayas argues that the district court gave too much weight to the nature and circumstances of the offense, including the harm to the victim, but too little weight to the need to avoid unwarranted sentencing disparities. But in a sentencing hearing that lasted more than two hours, the district court reviewed the parties' statements, the entire record, and Zayas' history, including his military service, his criminal record, and the harm inflicted on the victim. The district court explained in detail why it was sentencing Zayas to life imprisonment based on the 18 U.S.C. § 3553(a) factors. The court acknowledged that other offenders in other child-pornography cases had received lower sentences, but Zayas' history and the nature and circumstances of his offense outweighed any alleged unwarranted disparity.

We cannot say that the district court's decision to sentence Zayas to life created an unwarranted sentencing disparity that would place his sentence "outside the range of reasonable

sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks omitted). Thus, Zayas has not shown that his life sentence was substantively unreasonable.

**AFFIRMED.**