**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13041
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRAD TYLER SUDDETH,

*Defendant-Appellant.*

————————————————

Appeals from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:24-cr-00011-TES-CHW-1

————————————————

————————————————

No. 24-13042
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRAD TYLER SUDDETH,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:15-cr-00038-TES-CHW-1

_____

Before BRANCH, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

In 2022, after serving 97 months' imprisonment for possession of child pornography, Brad Suddeth began a 25-year term of supervised release. Shortly thereafter, he admitted to his probation officer that he had again possessed child pornography and engaged in inappropriate online communications with minors and was charged with violating the terms of his supervised release. Suddeth admitted to the probation violation and pleaded guilty to the new charge of possession of child pornography. In a joint sentencing hearing, the district court varied upwards from the applicable guideline ranges and imposed a 120-month sentence for the possession charge and a consecutive 24-month sentence for the probation violation. In these consolidated appeals, Suddeth challenges the substantive reasonableness of his total 144-month sentence, arguing that there is an unwarranted sentencing disparity

between his sentence and that of similarly situated offenders.[1] After careful review, we affirm.

## I.          Background

In 2015, a grand jury indicted Suddeth on one count of possession of child pornography and one count of distribution of child pornography.  He pleaded guilty to the possession of child pornography count.  As part of his plea agreement, Suddeth stipulated to the following facts.  Georgia's Bureau of Investigation linked an image of suspected child pornography to an email addressed associated with Suddeth.  Suddeth, then in his early 30s, consented to a search of his phone and computer, and he admitted to officers that "he view[ed] pornography involving young females, that he had chatted with young females online using Facebook and Instagram, [and] that he [had] received nude photographs of young girls that he [chatted] with in the past . . . ."  His cell phone contained child pornography, and law enforcement arrested him.

Suddeth was released on bond following his arrest and obtained a new phone.  Approximately two months later, he was rearrested on additional state charges.  A search of his new phone revealed that he:

> (i) had signed up for a number of social network websites . . .; (ii) had engaged in numerous chats with

---

[1] The district court imposed the statutory maximum of 120 months' imprisonment for the new possession of child pornography charge and a consecutive 24-month statutory maximum term for the supervised release revocation.

underage females, including two young girls, he communicated with very often; (iii) had engaged in numerous chats with underage females which began with him telling the girls that they are beautiful and asking their ages; and (iv) that he had obtained additional amounts of child pornography.

As part of the factual stipulation, Suddeth admitted that (1) "he engaged in inappropriate communications with children as young as eight (8) years old"; (2) he "possessed 600 or more images"; and (3) some of the images involved children under the age of 12.  Suddeth was sentenced to 97 months' imprisonment to be followed by 25 years' supervised release.

The Bureau of Prisons placed Suddeth on home confinement for the last 6 months of his 97-month prison term.  Thereafter, Suddeth began serving his term of supervised release on May 6, 2022.  A few days after his supervised release began, probation officers went to Suddeth's residence and observed a 3-year-old child there.  Suddeth's mother and his sister were present, and his mother indicated that the child was her goddaughter and that her daughter had been babysitting the child in the home several days a week, including during Suddeth's period of home confinement.  Officers reminded Suddeth that he was not supposed to associate with anyone under the age of 18 without permission of his probation officer.  Suddeth denied any contact with the child "except for an occasional hug and 'high five.'"  When officers questioned Suddeth about his internet usage, he admitted: (1) visiting pornographic sites, including preteen sites; (2) that he

24-13041                Opinion of the Court                5

kept an MP3 player in the bathroom which he used to view child pornography while masturbating; (3) that he had viewed child pornography two to three times per week since being placed on home confinement; (4) that he had communicated with minors using various social media platforms; and (5) that he had self-composed handwritten stories depicting child molestation, child rape, incest, and child abduction hidden in an envelope under his bed.[2]

A search of his devices revealed that he frequently viewed profiles of teenage girls, and he had communicated inappropriately with several minors via various chat platforms. Four images of child pornography were discovered on his iPod Touch. In one image an approximately 13-year-old female is "turned away from the camera bent at the waist displaying her anus and vagina." In the second image, the same female is shirtless and exposing her breasts. In the third image, the same female is completely undressed and exposing her breasts and vagina. Finally, in the fourth image, a different 13-year-old female is sitting undressed and spreading her legs revealing her vagina.[3]

Based on these discoveries, Suddeth's probation officer petitioned the district court to revoke his supervised release, citing

---

[2] He had written these stories while incarcerated and mailed them to his mother with instructions for her to place the envelopes in his room but not open them.

[3] These images already existed on the internet and Suddeth took screenshots of the images. In other words, he did not solicit the images from any minor.

several violations, including, as relevant to this appeal, that he had committed a new criminal offense by again possessing child pornography.

Meanwhile, a criminal information issued in a separate proceeding charging Suddeth with a new count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and 2260A. Pursuant to a written plea agreement, Suddeth agreed to plead guilty to the possession of child pornography charge and to admit to the probation violation that he committed a new offense by possessing child pornography. As part of the plea, he acknowledged that the possession of child pornography count carried a statutory maximum of ten years' imprisonment and that he could be sentenced to a maximum of two years' imprisonment for the probation violation. He further acknowledged that the district court could impose consecutive sentences, meaning he faced a maximum of 12 years' imprisonment.[4]

At a joint sentencing hearing for both the new charge and the violation, the district court determined that Suddeth's advisory guidelines range for the possession of child pornography offense was 27 to 33 months' imprisonment. The advisory guidelines range for the supervised release violation was four to ten months'

---

[4] The plea agreement also contained a sentence-appeal waiver, which permitted Suddeth to appeal only in certain circumstances, including if the district court imposed an above-guidelines sentence. Because the district court imposed an above-guidelines sentence, the sentence-appeal waiver does not bar this appeal.

imprisonment. The government requested a sentence at the top of the guidelines range, arguing that it was "highly disturbing" that Suddeth had only been home a short time when he engaged in the underlying conduct. The government also highlighted the disturbing content in Suddeth's self-composed stories and maintained that Suddeth was a danger to the community and to children. Suddeth argued for a sentence at the bottom of the guidelines range, noting that he immediately admitted his actions upon questioning and that he understood that he needed "intensive sex offender therapy." Suddeth's counsel assured the district court that Suddeth was remorseful and would "do whatever it takes to make sure that he does not reoffend again" and to become a "contributing member of society." Suddeth made a personal statement to the court apologizing for his actions and expressed his desire to get well and seek therapy.

Prior to pronouncing the sentences, the district court explained that it was "unfathomable" and "greatly" disturbing that Suddeth was sentenced to 97 months in prison for possession of child pornography, then got out, and immediately started engaging in the same behavior. The district court also found Suddeth's self-composed stories and his actions in mailing the materials from prison to his mother and telling her to put them in his room and not open them very disturbing. The district court emphasized the serious nature of his ongoing conduct and the need to protect the public from Suddeth's future crimes. Thus, after considering the guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, the court found that the guidelines range "was woefully insufficient"

to account for the seriousness of the offense and Suddeth's personal history and characteristics, to promote respect for the law and provide adequate deterrence; and to protect the public from Suddeth. Accordingly, the district court varied upward from the guidelines range and imposed the statutory maximum of 120 months' imprisonment to be followed by 25 years' supervised release for the possession of child pornography offense and a consecutive statutory maximum term of 24 months' imprisonment for the supervised release revocation. Suddeth objected that the sentence was substantively and procedurally unreasonable. Suddeth appealed both the judgment in the criminal proceeding and the supervised release revocation, and we consolidated the appeals.

## II.    Discussion

Suddeth challenges the substantive reasonableness of his total 144-month statutory maximum cumulative sentence, arguing that there is an unwarranted sentencing disparity between his sentence and similarly situated offenders.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotations omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, the district court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; the guidelines range; the "kinds of sentences available"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution." *Id.* § 3553(a)(1), (3)–(4), (6)–(7). When evaluating the history and characteristics of the defendant, a court may properly consider a defendant's previous offenses, even where those offenses are already part of the calculation of his guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

Importantly, the weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and the court is not required to give "equal weight" to the § 3553(a) factors.

*Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

The sentencing court may impose an upward variance if it concludes that the guideline range is insufficient to account for the relevant § 3553(a) factors. *See United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) (affirming upward variance where the district court "[found] that the defendant's criminal history category understated the seriousness of his criminal history."). No presumption of reasonableness or unreasonableness applies to a sentence that lies outside the advisory guidelines range. *Butler*, 39 F.4th at 1355. "When imposing a variance, a district judge must give serious consideration to the extent of any departure from the [g]uidelines and must explain [its] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* (quotations omitted). In reviewing the reasonableness of such a sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations omitted).

Here, the district court did not abuse its discretion in varying upward from the applicable guideline ranges and imposing the statutory maximum for both the possession of child pornography offense and the supervised release revocation. The district court reasonably found that the guideline ranges were insufficient to account for the seriousness of Suddeth's offense and his personal history and characteristics. Suddeth had just served 97 months' imprisonment for possession of child pornography and immediately upon release began viewing and possessing child pornography and actively engaging in online chats with young girls. He had also composed stories featuring disturbing content involving children, including rape and abduction. Given the totality of the circumstances in this case and the court's discretion in weighing the § 3553(a) factors, we cannot say that the district court abused its discretion in finding that an above-guidelines sentence was necessary to account for the seriousness of the offense and Suddeth's personal history, and to provide adequate deterrence and protect the public from Suddeth's future crimes.

Suddeth cites various statistics published by the Sentencing Commission regarding sentences for non-production child pornography offenses and argues that an unwarranted sentencing disparity exists between his sentence and that of other similarly situated offenders. However, it is not enough for Suddeth to rely on statistics and "simply compare" his sentence to that of other non-production child pornography offenders. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) ("One needs to have more than the crime of conviction and the total length of the

sentences to evaluate alleged disparities."). Rather, "[t]he underlying facts of the crime and all of the individual characteristics are relevant" to a sentencing disparity claim. *Id.*; *see also United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity, however, assumes that apples are being compared to apples." (quotations omitted)). Suddeth has not carried his burden to identify any specific defendant who was similarly situated to him who received a lesser sentence. Accordingly, he failed to show an unwarranted sentencing disparity exists.

Although Suddeth is correct that his cumulative sentence is harsh and represents a significant upward variance, "the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be." *Irey*, 612 F.3d at 1206 (*en banc*). And, as the district court made clear, Suddeth's conduct was very serious. We have repeatedly emphasized that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *Id.* (alteration in original) (quoting *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009)); *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005) ("It goes without saying that possession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded by [the defendant], in large part, because individuals like [the defendant] exist to download the images."). Moreover, we have upheld significant upward variances when necessary to achieve the purposes set out in § 3553(a), particularly when child pornography is involved. *See United States v. Hall*, 965 F.3d 1281,

1289, 1297–99 (11th Cir. 2020) (upholding as substantively reasonable a 480-month sentence for receipt of child pornography, which was an upward variance of 300 months from the guidelines range); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as substantively reasonable a 140-year sentence based on consecutive statutory maximums for producing and distributing child pornography); *United States v. Turner*, 626 F.3d 566, 573–74 (11th Cir. 2010) (upholding as substantively reasonable consecutive sentences totaling 300 months' imprisonment for possession of child pornography and receiving child pornography, which represented a 90-month variance from the high end of the guidelines range); *United States v. Kapordelis*, 569 F.3d 1291, 1318–19 (11th Cir. 2009) (upholding as substantively reasonable a 420-month sentence, which represented an upward variance from the advisory guidelines range of 262 to 327 months' imprisonment).    Accordingly, given the broad sentencing discretion that district courts have and the totality of the circumstances in this case, we are simply not "left with the definite and firm conviction that the district court committed a clear error of judgment." *Irey*, 612 F.3d at 1190 (*en banc*). Consequently, we affirm Suddeth's sentences.

**AFFIRMED.**